# SUMMARY REPORT
*Updated July 7, 2014*

**WITNESS:** Jason Giordano, H687

FACTS: On June 8, 2009, Officer Jason Giordano was working with Officer Jemell Rayam when Officer Michael Sylvester requested assistance with a car stop. Officers Rayam and Giordano assisted, and during the course of the car stop, it was alleged that Officer Giordano recovered a bag with $11,000 from the trunk of the vehicle and placed it on the ground. It was further alleged that Officer Sylvester then placed the bag into his vehicle and advised the driver that he could pick it up from the Evidence Control Unit later. The driver subsequently made a theft complaint to the police department's Internal Affairs Department (IAD) alleging that the money was stolen.

When originally interviewed by IAD, Officer Giordano advised that he stood by the occupants of the vehicle while Officer Sylvester searched the vehicle, and he did not see Officer Sylvester remove anything from the vehicle. On July 14, 2010, Officer Giordano was administered a credibility assessment test via polygraph examination. His responses were consistent with being untruthful and/or not giving full disclosure when answering questions regarding his own role in the search of the vehicle, whether he saw and removed the bag of money from the vehicle, and what he saw Officer Rayam do at the scene. The LaFayette computerized polygraph Polyscore algorithm found the probability of deception greater than 99%.

The State's Attorney's Office declined to charge Officer Giordano. Officer Giordano agreed to a settlement wherein he received a severe letter of Reprimand, was suspended without pay for 30 days and lost 10 days of leave in lieu of proceeding before a trial board on the charges. The charges for Misconduct—General, Misconduct—Ethical, and Misconduct—Hindering/Obstructing an Internal Investigation were sustained while the charge of Misrepresentation of Facts was dismissed by BPD Legal.

It is the position of the Office of the State's Attorney that, for a variety of reasons, including reliance on <u>Kelley v. State</u>, 288 Md. 298 (1980) & <u>State v. Hawkins</u>, 326 Md. 270 (1992), the information pertaining to the results of the polygraph examination is not admissible in any case in which Officer Giordano may be involved.

    CONFIDENTIAL        CONFIDENTIAL        CONFIDENTIAL



EXHIBIT 1