# Memo of Referral

TO: Major Ian Dombroski

FROM: StacyAnn Llewellyn, Chief, Baltimore City State's Attorney Office, Public Trust and Police Integrity Unit

DATE: January 21, 2016

RE: Detective Jemell Rayam, H740

---

Detective Jemell Rayam is the lead detective for State v. Gary Clayton, 115124016, the assigned prosecutor is Kent Grasso.

The case involves an incident from April 8, 2015 at the Defendant's home at 663 Gutman Avenue, Apt. 2. A confidential informant told Detective Rayam that the defendant was a narcotics distributor who was in possession of a gun. Detective Rayam also observed the defendant engage in a drug transaction and when he pulled the defendant over he found several green top vials. Based on this Detective Rayam detained the defendant, placed him in handcuffs, and drove him to his apartment. The Defendant's girlfriend answered the door and, according to Detective Rayam, he was able to observe CDS in plain view, which he used as a basis to get the now suppressed search warrant.

On November 10, 2015 Defense counsel, Staci Pipkin filed a motion requiring BPD to turn over Detective Rayam's IID file based on the State's integrity-related disclosure. The matter went before Judge Kendra Ausby, who heard the motion and after hearing from counsel and Brent Shubert from BPD Legal, denied the motion. The case was then sent to Judge Barry Williams for trial.

Before Judge Williams, counsel requested a Frank's hearing, alleging that Detective Rayam's reported observations of a controlled dangerous substance in plain view in an apartment was intentionally or recklessly false, and that, absent this observation, the search warrant was insufficient. The hearing took place on November 12, 2015, and at its conclusion Judge Williams agreed with defense counsel and deemed there was a lack of probable cause and suppressed the evidence obtained from the search warrant. Judge Williams ultimately did not find Detective Rayam's testimony to be credible.

The State's Attorney's Office will now be disclosing the results of the hearing in discovery for any case where Jemell Rayam is an essential witness. I am providing you with copies of the indictments, charging documents, defendant's motion with affidavits, search warrant, and the compact disc of the proceedings. Please initiate an investigation into this matter.



EXHIBIT 4

*** FACSIMILE *** 20092430073810

# Suspicious Activity Report
July 2003
Previous editions will not be accepted after December 31, 2003
**ALWAYS COMPLETE ENTIRE REPORT**

| | | |
|---|---|---|
| FRB | FR 2230 | OMB No. 7100-0212 |
| FDIC | 6710.06 | OMB No. 3064-0077 |
| OCC | 8010-9,8010-1 | OMB No. 1557-0180 |
| OTS | 1601 | OMB No. 1550-0003 |
| NCUA | 2362 | OMB No. 3133-0094 |
| TREASURY | TD F 90-22.47 | OMB No. 1506-0001 |

1  Check box below only if correcting a prior report
☐ Corrects Prior Report

## Part I — Reporting Financial Institution Information

2  Name of Financial Institution
DESTINATIONS CREDIT UNION

3  EIN
[redacted]

4  Address of Financial Institution
8767 SATYR HILL ROAD

5  Primary Federal Regulator
a ☐ Federal Reserve   d ☐ OCC   m ☐ MSB
b ☐ FDIC              e ☐ OTS   o ☐ OFAC
c ☒ NCUA              i ☐ INS

6  City: BALTIMORE
7  State: MD
8  Zip Code: 21234

9  Address of Branch Office(s) where activity occurred
SAME AS ABOVE    ☐ Multiple Branches

10  City: BALTIMORE
11  State: MD
12  Zip Code: 21234
13  If institution closed, date closed

14  Account number(s) affected, if any    Closed?
a [redacted]   ☐ Yes ☒ No
b              ☐ Yes ☐ No
c              ☐ Yes ☐ No
d              ☐ Yes ☐ No

## Part II — Suspect Information     ☐ Suspect Information Unavailable

15  Last Name or Name of Entity: [redacted]
16  First Name: MICHAEL
17  Middle

18  Address: 6818 YATARUBA DRIVE
19  SSN, EIN or TIN: [redacted]

20  City: BALTIMORE
21  State: MD
22  Zip Code: 21207-5670
23  Country: US

24  Phone Number - Residence: (443) 803-8137
25  Phone Number - Work:

26  Occupation/Type of Business: CITY OF BALTIMORE
27  Date of Birth: 06/03/1980
28  Admission/Confession?  a ☐ Yes  b ☒ No

29  Forms of Identification for Suspect:
a ☒ Driver's License/State ID   b ☐ Passport   c ☐ Alien Registration   d ☐ Other
Number [redacted]    Issuing Authority: MD

30  Relationship to Financial Institution:
a ☐ Accountant   d ☐ Attorney   g ☒ Customer    j ☐ Officer
b ☐ Agent        e ☐ Borrower   h ☐ Director    k ☐ Shareholder
c ☐ Appraiser    f ☐ Broker     i ☐ Employee    l ☐ Other

31  Is the relationship an insider relationship?  a ☐ Yes  b ☒ No
If Yes specify:  c ☐ Still employed at financial institution  e ☐ Terminated
                 d ☐ Suspended                                f ☐ Resigned
32  Date of Suspension, Termination, Resignation

The enclosed information was collected and disseminated under provisions of the Bank Secrecy Act (BSA) and U.S. Department of the Treasury regulations implementing the BSA. See 31 CFR Part 103. The information is sensitive in nature and is to be treated accordingly. The information may be used only for purposes related to a criminal, tax, or regulatory investigation or proceeding, or in the conduct of intelligence or counterintelligence activities to protect against international terrorism. See 31 U.S.C. 5311. [illegible] ...

*** FACSIMILE ***  20092400073010

## Part III — Suspicious Activity Information

**33 Date or date range of suspicious activity**
From 08/27/2009  To 08/27/2009

**34 Total dollar amount involved in known or suspicious activity**
$ 6,000

**35 Summary characterization of suspicious activity:**
- a ☒ Bank Secrecy Act Structuring/Money Laundering
- b ☐ Bribery/Gratuity
- c ☐ Check Fraud
- d ☐ Check Kiting
- e ☐ Commercial Loan Fraud
- f ☐ Computer Intrusion
- g ☐ Consumer Loan Fraud
- h ☐ Counterfeit Check
- i ☐ Counterfeit Credit/Debit Card
- j ☐ Counterfeit Instrument (other)
- k ☐ Credit Card Fraud
- l ☐ Debit Card Fraud
- m ☐ Defalcation/Embezzlement
- n ☐ False Statement
- o ☐ Misuse of Position or Self Dealing
- p ☐ Mortgage Loan Fraud
- q ☐ Mysterious Disappearance
- r ☐ Wire Transfer Fraud
- t ☐ Terrorist Financing
- u ☐ Identity Theft
- s ☐ Other

**36 Amount of loss prior to recovery (if applicable)** $

**37 Dollar amount of recovery (if applicable)** $

**38 Has the suspicious activity had a material impact on, or otherwise affected, the financial soundness of the institution?**
a ☐ Yes   b ☒ No

**39 Has the institution's bonding company been notified?**
a ☐ Yes   b ☒ No

**40 Has any law enforcement agency already been advised by telephone, written communication, or otherwise?**
- a ☐ DEA
- b ☐ FBI
- c ☐ IRS
- d ☐ Postal Inspection
- e ☐ Secret Service
- f ☐ U.S. Customs
- g ☐ Other Federal
- h ☐ State
- i ☐ Local
- j ☐ Agency Name (for g, h or i)

**41 Name of person(s) contacted at Law Enforcement Agency**

**42 Phone Number**

**43 Name of person(s) contacted at Law Enforcement Agency**

**44 Phone Number**

## Part IV — Contact for Assistance

**45 Last Name** STEIL
**46 First Name** PATRICIA
**47 Middle** A

**48 Title/Occupation** VP OF OPERATIONS-COMPLIANCE

**49 Phone Number** (410) 663-2500

**50 Date Prepared** 08/27/2009

**51 Agency (if not filed by financial institution)**

The enclosed information was collected and is maintained under the provisions of the Bank Secrecy Act (the BSA) and U.S. Department of the Treasury regulations implementing the BSA. See 31 U.S.C. 5311 et seq., 31 CFR Part 103. The information is sensitive in nature and is to be treated accordingly. The information may be used only for a purpose related to a criminal, tax, or regulatory investigation or prosecution or in the conduct of intelligence or counterintelligence activities to protect against international terrorism. See 31 U.S.C. 5311. The information cannot be further released, disseminated, disclosed, or transmitted without prior approval of the Director of the Financial Crimes Enforcement Network or his authorized delegate. Suspicious activity reports filed under the BSA must be treated with particular care given that they contain unsubstantiated allegations of possible criminal activity and are confidential information. Such reports, or the fact they exist or do not exist, may not be disclosed to the subject of a government employee to any person, this is not in the transaction, other than as necessary to fulfill the functions of such officer or employee. 31 U.S.C. 5318. Penalties. Any person who discloses the existence of a report filed under the BSA may include a fine and/or imprisonment.

MR. SYLVESTER HAS BEEN A MEMBER WITH DESTINATIONS CREDIT UNION SINCE 05/31/05. MR. SYLVESTER IS EMPLOYED BY THE CITY OF BALTIMORE. WE CURRENTLY RECEIVE HIS DIRECT DEPOSIT FROM HIS EMPLOYER. MR. SYLVESTER MADE A LARGE CASH DEPOSIT TO HIS CHECKING ACCOUNT IN THE AMOUNT OF $6000 ON AUGUST 27, 2009. THE DENOMINATIONS RECEIVED FOR THE DEPOSIT WAS ONE HUNDRED DOLLAR BILLS. AFTER REVIEWING THE ACCOUNT THIS TYPE OF ACTIVITY IS UNUSUAL.

The unsolicited information was collected and systematized under the terms of the Bank Secrecy Act (the BSA) and U.S. Department of the Treasury regulations implementing the BSA. See 31 U.S.C. 31 CFR Part 103. The information is sensitive in nature and should be treated accordingly. The information may be used only for a purpose related to a criminal, tax, or regulatory investigation or proceeding, or in the conduct of intelligence or counterintelligence activities, including analysis, to protect against international terrorism. See 31 U.S.C. 5311. The information contained herein is released disseminated, disclosed or transmitted only with the approval of the Director of the Financial Crimes Enforcement Network, who is authorized to delegate. Suspicious activity reports filed under the BSA must be treated with particular care given that the information contained therein, or the identity of persons, or the fact that such a report has been filed, may not be disclosed by a government employee to any person involved in the transaction that is the subject of the report, or to anyone other than in the official duties of such employee. See 31 U.S.C. 5318(g)(2). Departures from the above reporting requirements, such as the BSA, may be sanctioned.

***FACSIMILE***

2009260084935

**FinCEN Form 104**
(Formerly Form 4789)
(Rev. December 2003)
Department of the Treasury
FinCEN

# Currency Transaction Report
Previous editions will not be accepted after August 31, 2004.
Please type or print.



OMB No. 1506-0004

1. Check all boxes that apply:  a ☐ Amends prior report    b ☐ Multiple persons    c ☐ Multiple transactions

## Part I — Person(s) Involved in Transaction(s)

### Section A — Person(s) on Whose Behalf Transaction(s) is Conducted

| 2. Individual's last name or entity's name | | | 3. First name | 4. Middle initial |
|---|---|---|---|---|
| (redacted) | | | (redacted) | J |

5. Doing business as (DBA):
6. SSN or EIN: (redacted)

7. Address (number, street, and apt. or suite no.): 2119 E TOWNHILL ROAD APT E
8. Date of birth: 06/03/1980

| 9. City | 10. State | 11. ZIP code | 12. Country Code (if not US) | 13. Occupation, profession, or business |
|---|---|---|---|---|
| BALTIMORE | MD | 21234-0000 | US | (redacted) |

14. If an individual, describe method used to verify identity:  a ☒ Driver's license/State I.D.   b ☐ Passport   c ☐ Alien registration
    d ☐ Other    e. Issued by: MD    f. Number: (redacted)

### Section B — Individual(s) Conducting Transaction(s) (if other than above).
If Section B is left blank or incomplete, check the box(es) below to indicate the reason(s)
a ☐ Armored Car Service   b ☐ Mail Deposit or Shipment   c ☐ Night Deposit or Automated Teller Machine   d ☐ Multiple Transactions   e ☒ Conducted On Own Behalf

15. Individual's last name:
16. First name:
17. Middle initial:
18. Address (number, street, and apt. or suite no.):
19. SSN:
20. City:   21. State:   22. ZIP code:   23. Country code (if not US):   24. Date of birth:
25. If an individual, describe method used to verify identity: a ☐ Driver's license/State I.D.   b ☐ Passport   c ☐ Alien registration
    d ☐ Other   e. Issued by:   f. Number:

## Part II — Amount and Type of Transaction(s). Check all boxes that apply.

26. Total cash in $:
26a. Foreign cash in: 0
27. Total cash out $: 10,842
27a. Foreign cash out: 0
28. Date of transaction: 08/27/2009

29. ☐ Foreign Country
30. ☐ Wire Transfer(s)
31. ☐ Negotiable Instrument(s) Purchased
32. ☒ Negotiable Instrument(s) Cashed
33. ☐ Currency Exchange(s)
34. ☐ Deposit(s)/Withdrawal(s)
35. ☒ Account Number(s) Affected (if any): (redacted)
36. ☐ Other (specify):

## Part III — Financial Institution Where Transaction(s) Takes Place

37. Name of financial institution: (redacted)
    Enter Regulator or BSA Examiner code number: FEDERAL RESERVE
38. Address (number, street, and apt. or suite no.): 25 SOUTH CHARLES ST
39. EIN or SSN: (redacted)

| 40. City | 41. State | 42. ZIP code | 43. Routing (MICR) number |
|---|---|---|---|
| BALTIMORE | MD | 21201-0000 | (redacted) |

**Sign Here ▶**

44. Title of approving official:
45. Signature of approving official: SIGNATURE PRESENT
46. Date of signature: 09/15/2009
47. Type or print preparer's name: NAME PRESENT
48. Type or print name of person to contact: DIANE COTTEN
49. Telephone number: (716) 651-5975

The information collected on this form is required under the provisions of the Bank Secrecy Act (BSA) and U.S. Department of the Treasury regulations implementing the BSA. See 31 U.S.C. 5311–5330 and 31 CFR Part 103. The information is sensitive in nature and is to be treated accordingly. The information may be used only for a purpose related to a criminal, tax, or regulatory investigation or proceeding, or in the conduct of intelligence or counterintelligence activities to protect against international terrorism. See 31 U.S.C. 5311. The information cannot be further released, disseminated, disclosed, or transmitted without prior authorization of the Director of the Financial Crimes Enforcement Network or his/her authorized delegate. Suspicious activity reports filed under the BSA must be treated with particular care given that they may contain allegations of criminal activity, which, if disclosed inappropriately, could damage reputations or the fact they are filed under the BSA may not be disclosed to a government employee if any portion of such disclosure is not necessary to carry out the official duties of such officer or employee. 31 U.S.C. 5318(g), 31 U.S.C. Unauthorized release of information collected under the BSA may be subject to criminal and civil penalties.