| STATE OF MARYLAND | * | IN THE |
| --- | --- | --- |
| v. | * | CIRCUIT COURT |
| KENDELL ENGLISH | * | FOR BALTIMORE CITY |
| CASE NO(S). 115230019 | * | CRIMINAL DIVISION |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT AND MEMORANDUM IN SUPPORT OF THE MOTION TO DISCLOSE

Pursuant to Roviaro v. United States, 353 U.S. 53 (1957), Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Eniola, 893 F.2d 383, 388 (D.C. Cir. 1990), Defendant Kendall English, through counsel, Karyn Meriwether, Assistant Public Defender, Bar I.D. 562000, moves for entry of an Order directing the state to furnish Defendant's counsel with the Name, Date of Birth, Address, and Present Location of Confidential Informant identified in a search warrant affidavit issued in the above captioned case and any other informant, confidential informant, informer, confidential source, special employee, source of information, cooperating individual, or witness (hereinafter referred to as "informant"), paid or unpaid, of any governmental agency or unit, state or federal, who is supplying or who supplied information or performed any role whatsoever which formed the background for, or resulted in the search warrant in this case or the indictment against Defendant Kendell English, M/B, DOB 12/02/1984, SID # 2208067.

Specifically, the accused requests that this Court direct the Assistant State's Attorney to furnish Defendant's counsel with the following information concerning any such potential State's witness:

1. Whether any informant was a user of any controlled substances or was a distributor of controlled substances, and, if so, the complete nature and extent of his drug use and trafficking.

2. Whether any informant has, since becoming an informant, continued to use or distribute any controlled substances, and, if so, the dates, times, places and recipients of such distributions.

EXHIBIT 5

3. The extent and nature of the relationship between the informant and any of the arresting officers, including but not limited to, the length of time for which they have worked together.
4. Whether the informant has provided information to police officers leading to an arrest on previous occasions and, if so, the details regarding each arrest, including but not limited to, whether or not the arrest resulted in a conviction.
5. Whether any informant was suspected, apprehended, or convicted of any crime(s) at any time during which he/she agreed to gather information on behalf of the state.
6. What crimes or other breaches of law (including jurisdiction and case number) have such informant(s) committed or were suspected of having committed at any time during which he/she agreed to gather information or testify on behalf of the State.
7. Whether any potential or actual criminal charges against any informant were abandoned, altered, or otherwise disposed of upon agreement with any such informant to gather information or testify on behalf of the State.
8. What financial arrangements existed or exist between any informant and the agencies of the United States, the State of Maryland or any other sister state, and the amount of money that has been paid to the informant.
9. The names, dates of birth, addresses, and criminal records (including juvenile records) of any informant to be called as a witness for the State.
10. The substance of any plea bargain(s) entered into by the informant and any agency of the United States, the District of Columbia, the State of Maryland, or any other state, and the authority for any such plea bargain(s).
11. The substance of any agreements made by the United States, the District of Columbia, the State of Maryland, or any other state with any informant not to charge crimes, and the authority for any such agreements.
12. Information tending to show bias and/or prejudice on the part of any informant.
13. Information tending to show that any informant has made contradictory or inconsistent statements relative to this case, any related case, or with regard to Defendant.

14. Information tending to show that any informant suffered from any material defect in perception, memory, veracity or articulation during any time period relevant to the witness' testimony in this case.
15. A detailed account of the exact information provided by the confidential source to the police in this matter.

_____
Karyn Meriwether, Esquire
Assistant Public Defender
201 St. Paul Street
Baltimore, Maryland 21202
Tele. (410) 333-4900, ext. 253
Fax (410) 333-8791
kmeriwether@opd.state.md.us

## POINTS AND AUTHORITIES

Roviaro v. United States, 353 U.S. 53 (1957).
Gullick v. State, 252 Md. 348, 249 A.2d 702 (1969).
Warrick v. State, 326 Md. 696, 607 A.2d 24 (1990).
Brady v. Maryland, 373 U.S. 83 (1963).
United States v. Eniola, 893 F.2d 383, 388 (D.C. Cir. 1990)
Brooks v. State, 320 Md. 516, 578 A.2d 783 (1990).
Dixon v. State, 133 Md. App. 654, 758 A.2d 1063 (2000).
Dawson v. State, 14 Md. App. 18, 284 A.2d 861 (1971).
Hignut v. State, 17 Md. App. 399, 303 A.2d 173 (1973).
Carter v. State, 143 Md. App. 670, 795 A.2d 790 (2002).
Nutter v. State, 8 Md. App. 635, 262 A.2d 80 (1970).

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2016, a copy of the foregoing Defendant's Motion for Disclosure of Confidential Informant(s) was hand-delivered to Jennifer Jaskulsi-Tripp, Esquire, Assistant State's Attorney for Baltimore City, 9th Floor, Sun Trust Building, 120 E. Baltimore St., Baltimore, MD 21202.

_____
Karyn Meriwether, Esq.

| STATE OF MARYLAND | * | IN THE |
| --- | --- | --- |
| v. | * | CIRCUIT COURT |
| KENDELL ENGLISH | * | FOR BALTIMORE CITY |
| CASE NO. 115230019 | * | CRIMINAL |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION FOR DISCLOSURE OF CONFIDENTIAL SOURCE

In order to properly defend this case, Defendant's counsel must be furnished with the names, dates of birth, addresses, and present locations of each and every informant, and the basis of the information provided. Being a participant in, or a witness to, any charged or uncharged misconduct makes the source a material witness. In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court balanced Defendant's right to fundamental fairness guaranteed by the Constitution against the State's interest in withholding from disclosure the identity of an informant. This has become known as the "informer's privilege."

The purpose of the privilege is to further and protect the public interest in effective law enforcement. Although the Court recognized such a privilege, it also expressed the limitations on its applicability. One such limitation "arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to Defendant's defense, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61; accord, United States v. Eniola, 893 F.2d 383, 388 (D.C. Cir. 1990); McLawhorn v. State of North Carolina, 484 F.2d 1, 4-5 (4th Cir. 1973).

In determining whether disclosure of an informant's identity is appropriate, a distinction must be made as to whether the informant was an active participant in the crime charged or merely a tipster who supplied a lead to law enforcement officers.

If the informant's role was that of a mere tipster, on who supplies a lead enabling law enforcement officers to further their investigation, then disclosure is not required, Warrick v. State, 326 Md. 696 (1990. However, if the informant was an "actual participant", that is, "he/she helps to set up the criminal occurrence", then the disclosure of the identity of the informant is

required. Id; see Roviaro, 353 U.S. at 64; Eniola, 893 F.2d at 388; McLawhorn, 484 F.2d at 5. Gulick v. State, 252 Md. 348, 354 (1969).

In the Kendell English matter, captioned above, it is unclear whether the confidential informant ("CI # 1") used departmental funds or any source of funds used to purchase marijuana. The affidavit also does not include the amount and currency units used in making the controlled purchase Detecive Rayam affirms was made. The affidavit indicates that a controlled purchase was made some time during the month of July, 2015. In the statement of probable cause in the search warrant Detective Rayam obtained on July 24, 2015, he acknowledged that he "met with a confidential informant he called "CI #1 in July, 2015.. Detective Rayam does not specify that CI#1 is a registered informant with the Baltimore City Police Department, nor does he provide how long he has been working with this particular informant. While Detective Rayam affirmed said informant had provided "accurate and verifiable information in the past," one can infer from Detective Rayam's affirmation that the information he received initially from CI-1 was wholly unsolicited by Detective Rayam.

Detective Rayam affirms further that CI-1 informed the officer that he/she had personal knowledge that Kendell English was involved in the distribution of illegal narcotics. It is not clear from the affidavit if CI#1 has personal knowledge of this fact as an admitted drug user and purchaser or if this is information he/she received through other sources. Detective Rayam's affirmation is glaringly lacking in information about the details of the nature and basis of the informant's knowledge in this case.

It appears that during "investigation surveillance" conducted by Detective Rayam during July 20, 2015 through July 25, 2015, he obtained no confirmation of CI # 1's knowledge that the Defendant was engaged in the distribution of CDS. Detective Rayam reports no observations of drug activity at 1030 N. Ellamont St.

This case is dissimilar from cases applying the informant's privilege because CI-1 did not simply further a police investigation. Here, Detective Rayam apparently did not ask CI-1 if he/she had any information regarding Defendant. Specifically. It was CI-1 who told Detective Rayam – apparently without solicitation –that "he/she had personal knowledge that "Kendell English is participating in the illegal distribution of narcotics located at 1030 N. Ellamont St., Baltimore MD 21216." Based on CI # 1's reporting, Detective Raya then initiated an

2

investigation of the residence of Kendell English. Thus, disclosure is required because the CI-1's information did not further an already existing investigation.

Only a small amount of marijuana was recovered from 1030 N. Elemaount, not illegal narcotics such as crack cocaine or heroin despite CI-1's so called "tip". Moreover, this record is woefully thin on facts corroborating CI-1's assertion that **"illegal narcotics" were being distributed by Kendell English from his residence.** Despite conducting surveillance on the residence himself as he affirms from July 20, 2015 through July 25, 2015, Detective Rayam does not report observing any suspected drug activity conducted by Kendell English. The police were therefore dependent on the CI-1 to establish the basis for probable cause.

In McLawhorn, the court indicated that the rule regarding the degree of the source's participation (tipster vs. actual participant) in part "operates to protect the accused in the proper preparation of his defense." 484 F 2d at 7. The fact that the State may not intend to call an informant as a witness does not automatically warrant non-disclosure. Warrick v. State, 326 Md. 696 (1990). In Roviaro, the Supreme Court addressed the problem an accused faces under such circumstances when it stated:

> Petitioner's opportunity to cross-examine Police Officer Bryson and Federal Narcotics Agent Curham was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. Doe had helped to set up the criminal occurrence and had played a prominent part in it. His testimony might have disclosed entrapment.

Whether to call John Doe as a witness, or at least interview him in preparation for trial, was a matter for the accused instead of the Government to decide. Roviaro, 353 U.S. at 64. The Supreme Court recognized the importance of disclosing the name and whereabouts of an informant so that the accused would have the opportunity of at least interviewing the informant in order to adequately prepare for trial.

When the source is a participant and plays a critical role in establishing probable cause for a search and in possibly obtaining the evidence against the accused, then depriving the accused of the right to interview or call such a witness constitutes a denial of fundamental fairness, and violates his Sixth Amendment rights to confrontation and to effective assistance of counsel. Nutter v. State, 8 Md. App. 635 (1970). The Supreme Court has held that there can be no fixed rule as to when disclosure is essential. Therefore, the question of disclosure becomes a matter of balancing the interest of the public in the free flow of information against the

Defendant's right to effectively and adequately prepare his defense. Roviaro, 353 U.S. at 62; Warrick v. State, 326 Md. 696 (1990).

This case does not involve any allegation of prior acts of violence against a witness or obstruction by the Defendant. There is no reason to argue that disclosure of the identity of the informant and the basis of his/her information would jeopardize the informant's safety. Thus, this Court should furnish the Defendant with the name, date of birth, address, and present location of each and every informant, and the basis of the information provided because to do otherwise would do little to service the interests of the public and it would greatly hamper Defendant's ability to present an effective defense at both the suppression hearing and the trial itself.

Respectfully submitted,

_____
Karyn Meriwether Esquire
Assistant Public Defender