*CI*

RECEIVED
2016 OCT 19 PM 12: 12

| STATE OF MARYLAND | * | IN THE |
| v. | * | CIRCUIT COURT |
| | | BALTIMORE CITY |
| KENDALL ENGLISH | * | CRIMINAL DIVISION |
| CASE NO.: 115230019 | * | BALTIMORE CITY |

\* \* \* \* \* \* \* \* \* \* \*

## STATE'S RESPONSE TO DEFENDANT'S MOTION TO PRODUCE A CONFIDENTIAL INFORMANT

Now comes the State of Maryland, by and through Assistant State's Attorney

*410676 RC*

Jennifer Jaskulski-Tripp and Marilyn Mosby, State's Attorney for Baltimore City and respectfully requests that this Court deny Defendant's Motion to Compel Disclosure of Confidential Informant. In support thereof, the State submits that:

### STATEMENT OF FACTS

During the month of July 2015, Detective Jemell Rayam was contacted by a signed Confidential Informant of the Baltimore Police Department CI #1, (the CI), in reference to Kendall English distributing illegal narcotics from 1030 N. Ellamont St, Baltimore, MD 21216. The CI has been proven reliable and had assisted Det. Rayam in multiple investigations leading to arrests of individuals involving suspected narcotics. Surveillance was conducted on 1030 N. Ellamont St. Baltimore, MD 21216 from July 20, 2015 through July 25, 2015. During this period on a recorded date, a controlled purchase was conducted. Det. Rayam met with the CI at a disclosed location where CI was checked and found to be free of any illegal narcotics and U.S. currency. CI indicated that Kendall English was the individual who was distributing marijuana illegally. Det. Rayam, while never losing sight of CI, observed CI arrive at 1030 N. Ellamont St.

*CC: Judge Fletcher-Hill*   1   *K. WOOD*

EXHIBIT
6

Baltimore, MD 21216 and knock on the front door. CI entered 1030 N. Ellamont St. Baltimore, MD 21216 and made a controlled purchase. CI was then observed by Det. Rayam exiting 1030 N. Ellamont St. Baltimore, MD 21216 where he then met with Det. Rayam at a disclosed location. Det. Rayam never lost sight of the CI. Upon meeting with the CI suspected CDS was recovered and subsequently submitted to ECU under Complaint #1-150710738. The CI indicated that Kendall English was the individual who sold him the suspected CDS. Furthermore, Kendall English's name was run through Clear database which listed his address as 1030 N. Ellamont St. Baltimore, MD 21216. Subsequent to these events occurring a Search and Seizure Warrant was applied for in order to search the residence at 1030 N. Ellamont St. Baltimore, MD 21216. The warrant was granted by Judge Kevin Wilson on July 24, 2015. The warrant was served on the location on July 24, 2015. Recovered from the location was $400 in U.S. currency, a S&W Bodyguard handgun with six (6) 380 caliber rounds with the serial number obliterated, a ziplock bag containing suspected marijuana, CDS packaging material, a black scale with suspected marijuana residue. Mr. English was present during the execution and after being read his Mirada Rights and waiving same admitted ownership to the handgun and $400 in U.S. currency. At no time and in no way was the CI present nor involved in the execution of the warrant on July 24, 2015 at 1030 N. Ellamont St. Baltimore, MD 21216.

## DISCUSSION

Ordinarily, when an individual furnishes information about a violation of the law to an officer charged with enforcement of the law, the State is not required to divulge the name of that individual. *McCoy v. State*, 216 Md. 332, 336 (1958). The Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 59 (1957) recognized the "informer's privilege" and its purpose to further and protect the public interest in effective law enforcement. The Court stated, "[t]he privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* Maryland courts generally treat the informant privilege the same way Federal courts have. *DeLuca v. State*, 78 Md. App. 395, 405 (1989).

The defendant has the initial burden to show by a preponderance of the evidence that information concerning the informant is "necessary and relevant to a fair defense". *Howard v. State*, 66 Md. App. 273, 285 (1986). The burden is on the defendant to assert a substantial reason indicating that the identity of the informer is material to his defense or the fair determination of the case. *Drouin v. State*, 222 Md. 271, 286 (1960); *Brooks v. State*, 320 Md. 516, 528 fn.3 (1990). The burden then shifts to the State to rebut the defense by clear and convincing evidence. *Id.*

It is within the sound discretion of the court to compel disclosure once it is demanded. *Gulick v. State*, 252 Md. 348, 354 (1969). Instead of a fixed rule for disclosure, courts use a balancing test weighing "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. In determining the necessity of disclosure, courts look at several factors including,

but not limited to, the circumstances of each case, the crime charged, the possible defenses, and the possible significance of the informer's testimony. *Id.* Courts have also taken into consideration the distinction between an informant who actually participated in the criminal activity with the accused and therefore may have information relating to the accused's guilt or innocence and an informer who is a mere tipster and simply supplied a law enforcement officer with information and has little or no direct knowledge of the accused's guilt or innocence. *Brooks v. State*, 350 Md. 433, 443 (1998).

Maryland courts have long recognized that disclosure is not required where an informant simply furnishes probable cause and is not a participant in the criminal transaction. In *Simpson v. State*, 121 Md. App. 263 (1998) an informant provided a police officer with information that a specific location was being used as a "stash house." *Id.* at 271. Based on that information, the police officer set up surveillance on the location which resulted in the arrest and conviction of the appellant. The appellant argued that the informant could be an accessory or witness. The Court did not agree with appellant and held that the appellant failed to establish that the informant would be helpful to his defense as the informant's role was limited to describing the "stash house." *Id.*

Similarly, in *Stanley v. State*, 19 Md. App. 507 (1974) a confidential informant provided police with information pertaining to the defendant's drug dealing, which was enough to establish probable cause to search and arrest the defendant. The Court of Special Appeals held that disclosure was not required. *See id.* at 53 (determining that the law is clear that if the informant only supplied the police officer with probable cause and was not a participant in the transaction, then disclosure is not required). The court did not

find that the informant was "an integral part of the illegal transaction" or "necessary and relevant to a fair defense." *Id*. at 54. In a later case, the Court of Special Appeals held that the relevance of the informer's testimony was clearly limited and was far outweighed by the State's interest in maintaining the anonymity of its informant. *See Jones v. State*, 105 Md. App. 257, 262 - 64 (determining that the informant's role was limited to calling an officer at the station house to report drug activity which prompted the police officer to conduct surveillance); *Vandegrift v. State*, 82 Md. App. 617, 632 (1990) (holding no error in denying the identity of the informant where the informant's role in the investigation was for the limited purpose of establishing probable cause for the issuance of the electronic surveillance order and search warrants); *DeLuca v. State*, 78 Md. App. 395, 408 (1989) (holding disclosure not required where informants role was limited to contributing to the probable cause for the issuance of the wiretap order).

In the present case, all the charges against the defendant are a direct result of the execution of the search and seizure warrant on July 24, 2015. The CI simply conducted a controlled buy on a previous date in July of 2015, and gave information to the detective regarding the defendant selling CDS. The defendant was not present nor in anyway involved in the execution of the SSW on July 24, 2015. Detective Rayam, with the observations of the CI making the controlled buy, and coupled with the totality of the detective's investigation, created the probable cause needed to obtain the search warrant that led to the defendant's arrest.

Further, The United States Court of Appeals from various jurisdictions have routinely ruled that the privilege should be upheld where a confidential informant makes a controlled buy that is in whole or part of the probable cause for a search warrant.

See *United States v. Wilburn*, 581 F.3d 618 (7th Cir. 2009); *State v. Clark*, 909 So. 2d 1007 (La.App. 5th Cir. 2005); and *United States v. Harrington*, 951 F.2d 876 (8th Cir. 1991).

The public interest in protecting the flow of information far outweighs the defendant's right to prepare his defense in this case.

## CONCLUSIONS

The Court should deny the Defendant's Motion to Compel Disclosure of the identity of the CI. The defendant's charges arise from the seizure of a S&W Bodyguard handgun with six (6) 380 caliber rounds with the serial number obliterated, illegal drugs, a scale, and packaging materials during the execution of a search warrant on July 24, 2015 and the CI was not present nor a participant during this incident. WHEREFORE, the foregoing reasons, the State respectfully requests:

1. Defendant's Motion to Produce the Confidential Informant be denied; and

2. Any further relief as is necessary and proper.

Respectfully submitted,

Marilyn Mosby
State's Attorney for Baltimore City

*Jennifer Jaskulski-Tripp*
Jennifer Jaskulski-Tripp (410676)
Assistant State's Attorney
Office of the State's Attorney for Baltimore City
120 E. Baltimore Street, 9th Floor
Baltimore, MD 21202
443-984-6245 (phone)
443-984-6253 (fax)
jjaskuslki@stattorney.org

**I HEREBY CERTIFY** that a copy of the foregoing State's Response to Defendant's Motion to Compel was emailed to counsel for the Defendant on this 18th day of October, 2016.

Karyn Meriwether, Esquire
kmeriwetherl@opd.state.md.us

*Jennifer Jaskulski-Tripp*
Assistant State's Attorney