| STATE OF MARYLAND | * | IN THE |
|---|---|---|
| | * | CIRCUIT COURT |
| v. | * | FOR |
| KENDELL ENGLISH | * | BALTIMORE CITY |
| Defendant | * | Case No.: 115230019 |

* * * * * * * * * * * *

## ORDER

On September 26, 2016, Defendant Kendell English filed a Motion for Subpoena for Tangible Evidence requesting all Internal Investigative Division (IID) records pertaining to Detective Jemell L. Rayam. Defendant has not met the threshold burden of demonstrating a "need to inspect." *See Fields v. State*, 432 Md. 650 (2013); *see Zaal v. State*, 326 Md. 54, 81-82 (1992). Under *Fields v. State*, "a defendant in a criminal case who, for purposes of confronting an adverse witness, seeks discovery of otherwise confidential information about that witness has the initial burden to demonstrate a 'need to inspect,' that is, 'a reasonable possibility that review of the records would result in discovery of usable evidence.'" 432 Md. at 667 (quoting *Zaal*, 326 Md. at 81).

Defendant's motion states that in 2016, IID records for Detective Rayam were disclosed to an unidentified Assistant Public Defender by the Baltimore City State's Attorney's Office before an unrelated trial. That Assistant Public Defender was required to sign a confidentiality agreement before the records were released. Defendant's counsel admits that she does not know the contents of the IID records because of the confidentiality agreement, but has a "good faith basis to believe the records concern information usable at trial and can be used to impeach Detective Rayam's credibility." Defendant's Motion for Subpoena for Tangible Evidence, p. 2.



However, Defendant's motion does not explain why there is a good faith basis to believe such records would contain usable information. Defendant's motion further states that on November 12, 2015, Detective Rayam was found to be not credible by Judge Barry Williams during a hearing in *State v. Gary Clayton*, case no. 115124016 and 115035011. There is no indication that the Baltimore City Police Department conducted an internal investigation of Detective Rayam concerning his testimony in that case. Defendant has not satisfied his initial burden demonstrating a "need to inspect" all IID records pertaining to Detective Rayam. Accordingly, after balancing the interests and in consideration of Maryland Rule 4-264, it is this 24 day of October, 2016, hereby

**ORDERED** that Defendant's Motion for Subpoena for Tangible Evidence is **DENIED**.

Judge's Signature appears on the original document
Judge Jeannie J. Hong